UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TONGA NOLAN, ET AL

VERSUS

EXXON MOBIL CORPORATION, ET AL

CIVIL ACTION

NO. 13-439-JJB

## RULING ON PLAINTIFFS' MOTION TO REMAND

This matter is before the Court on a motion to remand (doc. 17) brought by the Plaintiffs, Tonga Nolan et al. Defendants, Exxon Mobil Corporation, ExxonMobil Oil Corporation, and ExxonMobil Catalyst Services, Inc. (the "ExxonMobil Defendants") have filed an opposition (doc. 21). Plaintiffs have filed a reply (doc. 22). Oral argument is not necessary. For the reasons stated herein, the Plaintiffs' motion to remand is **DENIED**.

### I.   Background

This lawsuit was filed on June 13, 2013 in Louisiana's Nineteenth Judicial District Court for the Parish of East Baton Rouge by seventeen individuals, including seven minors, on behalf of a putative class of similarly situated individuals. The petition alleges that the actions or inactions of the ExxonMobil Defendants and J. Derek Reese a/k/a Derek Reese, Paul Stratford, Paul Leinweber, and Ryan Wong (the "Individual Defendants") give rise to several causes of action including nuisance, trespass, and negligence. Specifically, Plaintiffs allege that on or about June 14, 2012 a leak released several hazardous materials including benzene, toluene, and other volatile organic compounds ("VOCs"). An investigation into this leak revealed that there had been over 30 accidents at the ExxonMobil Refinery and over an additional 30 accidents at the ExxonMobil Chemical Plant, which released high amounts of these toxic pollutants.

1

(Petition, ¶ 23).  As a result, plaintiffs are seeking an array of damages including contamination of property, medical expenses, personal injury, physical disability, pain, and suffering, mental anguish, and emotional distress.

The ExxonMobil Defendants filed a timely notice of removal (doc. 1) arguing that this Court had diversity jurisdiction under 28 U.S.C. § 1332 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453.  As to the Court's diversity jurisdiction, the ExxonMobil Defendants assert that the statutory requirements are met because there is complete diversity between the Plaintiffs and the properly joined defendants and the amount in controversy requirement is met.  The ExxonMobil Defendants allege that the Individual Defendants, two of whom are citizens of the state of Louisiana, have been improperly joined in an effort to destroy complete diversity.  In the alternative, the ExxonMobil Defendants assert that all of the statutory requirements have been satisfied, which would allow this Court to assert jurisdiction pursuant to the CAFA.

Plaintiffs have filed a motion to remand (doc. 17).  In it, they point to the citizenship of the Individual Defendants to demonstrate that there is not complete diversity and assert that they are properly joined.  The Plaintiffs also argue that the ExxonMobil Defendants have not proved that this Court has jurisdiction under the CAFA and even if the assertion of jurisdiction was permissible, it would not be proper in this case.  Thus, Plaintiffs request that if this Court finds that it has jurisdiction under the CAFA, that it remand the action to state court pursuant to CAFA's discretionary exception.

## II.   Law and Analysis

Under the CAFA, a court may exercise jurisdiction over any civil matter in which (1) the number of individuals in the proposed class exceeds 100; (2) minimal diversity of citizenship

exists; that is, at least one plaintiff and one defendant are from different states, and (3) the amount in controversy, exclusive of interests and costs, is greater than $5,000,000. 28 U.S.C. § 1332(d), (5)(B); *see also Rasberry v. Capitol County Mut. Fire Ins. Co.*, 609 F. Supp. 2d, 594, 600 (E.D. Tex. 2009). The defendant bears the burden of demonstrating that these factors have been met. *Rasberry*, 609 F.Supp. 2d at 600. The plaintiffs do not contest that there are well over one hundred putative class members or that minimal diversity exists. Instead, the plaintiffs argue that the ExxonMobil Defendants have not made a sufficient showing that the amount in controversy requirement has been satisfied. The Court disagrees.

      The defendant, as the removing party, bears the burden of proving by a preponderance of the evidence that the jurisdictional amount has been met. *Allen v. R & H Oil & Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 11 F. 3d 55, 58 (5th Cir. 1993)). Where, as here, the case is removed from a state jurisdiction that does not require the plaintiff to specifically plead the amount in controversy, the defendant may satisfy this burden by demonstrating that it is "facially apparent" from the petition that the claims are above the jurisdictional amount.[1] *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (citing LA. CODE CIV. P. art. 893). Under these circumstances, the defendant need not prove the jurisdictional amount to a legal certainty. *Allen*, 63 F. 3d at 1335. It is enough that the defendant demonstrates that the plaintiff's claim "more likely than not" meets the jurisdictional requirement. *Id.* at 1336. In deciding whether a defendant has made a proper showing, courts deciding similar cases evaluate the size of the class, the type, duration and severity of the harm

---

[1] Plaintiffs do not contest that they are seeking the jurisdictional amount. Instead, they contend that the ExxonMobil Defendants have not satisfied their burden because they have not produced documentation or affidavits to support the jurisdictional amount. This argument would have merit if the ExxonMobil Defendants elected to satisfy their burden under a separate test for proving the amount in controversy, that is, by adducing summary judgment evidence. *Berniard v. Dow Chemical Co.*, 481 Fed.Appx. 859, 862 (5th Cir. 2010). ExxonMobil Defendants did not choose this route and therefore, this argument is meritless.

alleged, and the types of compensatory damages sought. *See In re 1994 Exxon Chemical Fire*, 558 F. 3d 378, 387-88 (5th Cir. 2009); *Frazier v. Pioneer Americas LLC,* 455 F. 3d 542, 545 (5th Cir. 2006); *Gordon v. Air Liquide-Big Three Inc.*, No. 12-396-SDD-RLB, 2013 WL 3490725 (M.D. La. July 10, 2013).

In the present case, the face of the petition makes apparent that the $5,000,000 jurisdictional amount is satisfied. Plaintiffs purport to represent a class comprised of any person that has "suffered damage to their persons and/or property" who live within a two mile radius of the facility. By this definition, the putative class size could be substantial ranging from as many as 20,000 as the ExxonMobil Defendants estimate[2] or as few at a few thousand by the Plaintiffs' own admission. *Opposition*, Doc. 21-1. The petition alleges a wide-range of physical, emotional, and property injuries resulting from a both an individual release which occurred on July 14, 2013, as a well as continued unauthorized releases of benzene, toluene, and other toxic and hazardous chemicals. As a result of this continued exposure, Plaintiffs allege that they suffer or at risk of suffering a whole host of ailments including central nervous system dysfunction, disorders of the blood, irritation of the upper respiratory tract, and cancer. *Petition* ¶¶17, 18. The petition prays for damages including contamination of property, medical expenses, personal injury, physical disability, pain, and suffering, mental anguish, and emotional distress.

An analysis of the size of the class, the harm caused to person and property, and the compensatory damages sought support a finding that the ExxonMobil Defendants have satisfied their burden to prove that the requisite jurisdictional amount is at issue in this case. In *Frazier v. Pioneer Americas LLC*, the court found that a class of 500 plaintiffs exposed to mercury over a two month period had potentially "severe" injuries. 455 F. 3d. 542, 545 (5th Cir. 2006). The

---

[2] Based upon "simple math," which takes into account the population density and square mileage of the purportedly affected area, ExxonMobil Defendants estimate that the class could include 23,785 people. *Opposition*, Doc. 21, at 13-14.

4

court concluded that the severity of the plaintiffs' injuries from the prolonged exposure made it "facially apparent" that the damages sought would satisfy the jurisdictional requirement. *Id.* Here, there are by conservative estimates, at least twice as many plaintiffs at issue who have allegedly been exposed to harmful chemical releases for at least a year. *Petition*, ¶ 23. Additionally, Plaintiffs request for property damages, as well as a whole host of other damages, further supports a finding that the jurisdictional amount has been satisfied. *See LeBlanc v. Texas Brine, LLC*, Nos. 12-2059, 12-2354, 12-2363, 12-2611, 2013 WL 682302 (E.D. La. Feb. 22, 2013) (finding that the jurisdictional amount was satisfied when the plaintiff class sought an "extremely broad scope of damages"). Therefore, the Court finds that the ExxonMobil Defendants have made a *prima facie* showing that this Court has jurisdiction pursuant to CAFA. The burden now shifts to the Plaintiffs to prove that an exception applies.

Without providing any supporting case law, Plaintiffs request that the Court exercise its discretionary authority to remand this case pursuant to § 1332(d)(3). Plaintiffs argue that there is a direct nexus between the ExxonMobil Defendants' actions and the State of Louisiana. The plaintiff bears the burden to prove that the discretionary exception found in § 1332(d)(3) applies. *Frazier*, 455 F.3d at 546. Among other requirements, the plaintiff must prove that all of "the primary defendants are citizens of the State in which the action was originally filed." § 1332(d)(3); *see also Cooper Sands Homeowners Ass'n, Inc. v. Cooper Sands Realty, LLC*, No. 2:10-cv-00510-GMN-LRL, 2011 WL 941079, *2-6 (D. Nev. Mar. 16, 2011); *Sorrentino v. ASN Roosevelt Center, LLC,* 588 F.Supp.2d 350, 358 (E.D.N.Y.2008). Though the CAFA does not defined the term "primary defendant," this Court has defined a primary defendant stating,

> A primary defendant is one (1) who has the greater liability exposure; (2) is the most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a

significant portion of the claims asserted by plaintiffs; or (5) is the only defendant named in one particular cause of action.

*Gatti v. Louisiana*, Civ. Act. 10-329-JJB-DLD, 2011 WL 1827437 (M.D. La. Feb. 25, 2011) (citing *Sorrentino*, 588 F.Supp.2d at 359).

The ExxonMobil Defendants argue that they are the only primary defendants in this suit to the exclusion of the Individual Defendants. The ExxonMobil Defendants' argument follows that since they are the primary defendants and they are all citizens of states other than Louisiana,[3] the discretionary exception found in § 1332(d)(3) cannot apply. The Court agrees.

Applying the *Sorrentino* factors, it is clear that the ExxonMobil Defendants are the only primary defendants. The ExxonMobil Defendants have the greater liability exposure than the Individual Defendants. This is especially so, given that it is uncertain and perhaps unlikely that the Petition asserts a viable claim against the Individual Defendants. Furthermore, the ExxonMobil Defendants are the most able to satisfy the potentially large judgment on the Plaintiffs' claims. The ExxonMobil Defendants are sued directly and the majority of the claims are asserted against them. While the Individual Defendants are named in the Petition, very little factual allegations are asserted against them. Therefore, after evaluating the *Sorrentino* factors, the Court finds that the ExxonMobil Defendants are the primary defendants. As such, and because all of the ExxonMobil Defendants are citizens of foreign states, the discretionary exception does not apply. Having found that it has jurisdiction pursuant to CAFA and that the discretionary exception does not apply, the Court finds no need to evaluate jurisdiction under 28 U.S.C. 1332(a).

---

[3] ExxonMobil Corporation is a domiciliary of New Jersey with its principal place of business in Texas. Exxon Mobil Oil Corporation is a domiciliary of New York with its principal place of business in Texas. ExxonMobil Catalyst Services, Inc. is a domiciliary of Delaware with its principal place of business in Texas.

### III. Conclusion

For the reasons herein stated, the Court finds that it has jurisdiction to entertain this matter. Accordingly, the motion to remand (doc. 17) is **DENIED**.

Signed in Baton Rouge, Louisiana, on November 26, 2013.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**