UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TONGA NOLAN, ET AL.

VERSUS

EXXON MOBIL
CORPORATION, ET AL.

CIVIL ACTION

NUMBER 13-439-JJB-EWD

**RULING ON INTERVENORS' MOTION FOR PROTECTIVE ORDER TO EXTEND DISCOVERY DEADLINE, PLAINTIFFS' MOTION TO JOIN INTERVENORS' MOTION FOR PROTECTIVE ORDER OR FOR ENTRY OF CASE MANAGEMENT ORDER, AND MOTION FOR EXPEDITED CONSIDERATION**

Before the Court is Intervenors' Motion for Protective Order to Extend Discovery Deadline (the "Motion for Extension").[1] Plaintiffs have filed a Motion to Join Intervenors' Motion for Extension and have alternatively moved for entry of a case management order (the "Motion to Join").[2] Plaintiffs have also filed a Motion for Expedited Consideration of their Motion to Join.[3] Defendant, Exxon Mobil Corporation ("Exxon") has filed oppositions to the Motion for Extension and Motion to Join.[4]

Plaintiffs' Motion to Join[5] is **GRANTED**. Plaintiffs' Motion for Expedited Consideration[6] is **DENIED AS MOOT**. For the reasons set forth herein, the Motion for Extension[7] is **GRANTED IN PART**. Intervenors and Plaintiffs are granted an extension of forty-five (45) days from the date their discovery responses would otherwise be due to respond to Exxon's discovery requests.

---

[1] R. Doc. 198.

[2] R. Doc. 205.

[3] R. Doc. 206.

[4] R. Docs. 204 & 207.

[5] R. Doc. 205.

[6] R. Doc. 206.

[7] R. Doc. 198.

Although the Court grants a 45-day extension, Intervenors and Plaintiffs are **ORDERED** to respond to the discovery requests on a rolling basis as responses are completed for each Plaintiff or Intervenor. To the extent Plaintiffs and/or Intervenors seek additional time to respond to Exxon's discovery beyond the 45-day extension granted herein, the Court cautions that such request must be accompanied by a showing of exactly what steps were taken by Plaintiffs and/or Intervenors to complete their discovery responses within the time hereby allotted.

**IT IS FURTHER ORDERED** that a scheduling conference in this matter be set for **July 26, 2016 at 2:00 p.m. in chambers.** The parties are to submit a joint status report on or before **July 8, 2016.**

### I. Background

On or about June 13, 2013, Plaintiffs filed a Class Action Petition for Damages in state court. The action was subsequently removed to this court on the basis of 28 USC § 1332 and the Class Action Fairness Act ("CAFA"), 28 USC §§ 1332(d)(1)-(d)(10), 1453.[8] Plaintiffs allege that the ExxonMobil Baton Rouge Facility (the "Facility") repeatedly failed to meet regulatory standards resulting in numerous leaks causing personal injury and property damage.[9]

On May 13, 2015, the court denied Plaintiffs' Motion to Certify Class.[10] Thereafter, this Court granted Plaintiffs leave to file a Third Supplemental and Amending Petition adding more than 100 new plaintiffs[11] and granted leave to 20 proposed intervenors to intervene in these proceedings.[12]

---

[8] R. Doc. 1.

[9] R. Doc. 81.

[10] R. Doc. 159.

[11] Plaintiffs assert that following amendment, there are more than 250 plaintiffs in this action. R. Doc. 205-1, p. 1.

[12] R. Doc. 190.

**II. Motion for Protective Order to Extend Discovery Deadline**

Intervenors state that Exxon propounded discovery to them on May 23, 2016.[13] Plaintiffs state that Exxon propounded discovery to them on May 20, 2016.[14] Intervenors and Plaintiffs do not argue that the discovery is irrelevant; instead, they assert that responding to same within the time usually allotted under the Federal Rules of Civil Procedure would be unduly burdensome given the number of claimants and the fact that the discovery requests are not uniformly formatted.[15] Intervenors (and Plaintiffs via their Motion to Join) request an additional ninety days to respond to Exxon's discovery requests.[16]

Exxon objects to an extension of time to respond to the requests. First, Exxon contends that a 90-day extension is unreasonable. Second, Exxon asserts that the discovery propounded to Intervenors is reasonable, containing 18 Requests for Admission, 17 Interrogatories, and 14 Requests for Production.[17] Finally, Exxon asserts that it has offered a 30-day extension of the discovery response deadline or, in the alternative, requested Plaintiffs respond to a standardized Plaintiff Fact Sheet.[18]

Based on the Court's review of a limited set of discovery requests attached to Intervenor's Motion for Extension,[19] the Court agrees with Exxon that the requests generally do not appear

---

[13] R. Doc. 198.

[14] R. Doc. 201-1, p. 1.

[15] R. Doc. 198-2, pp. 1-2; R. Doc. 205-1, pp. 1-2.

[16] R. Doc. 198-2, p. 1; R. Doc. 205-1, p. 2.

[17] R. Doc. 204, p. 2.

[18] R. Doc. 207, p. 2.

[19] Intervenors attached the interrogatories, requests for production, and requests for admission propounded to Plaintiff Gussie Johnson as Next Friend of J.R., a Minor. R. Doc. 198-4. The Court assumes for purposes of these motions that the requests issued to other Intervenors and Plaintiffs are substantively similar. The requests seek information regarding the individual claimant's exposure, damages, and treatment.

unreasonable. However, in light of the number of Plaintiffs and Intervenors in this suit, the Court finds good cause exists to grant a reasonable extension of time within which Plaintiffs and Intervenors must respond to Exxon's discovery requests. The Court finds forty-five (45) days to be a reasonable amount of time.

### III. Conclusion

Plaintiffs' Motion to Join[20] is **GRANTED**. Plaintiffs' Motion for Expedited Consideration[21] is **DENIED AS MOOT**. For the reasons set forth herein, the Motion for Extension[22] is **GRANTED IN PART**. Intervenors and Plaintiffs are granted an extension of forty-five (45) days from the date their discovery responses would otherwise be due to respond to Exxon's discovery requests. Although the Court grants a 45-day extension, Intervenors and Plaintiffs are **ORDERED** to respond to the discovery requests on a rolling basis as responses are completed for each Plaintiff or Intervenor. To the extent Plaintiffs and/or Intervenors seek additional time to respond to Exxon's discovery beyond the 45-day extension granted herein, the Court cautions that such request must be accompanied by a showing of exactly what steps were taken by Plaintiffs and/or Intervenors to complete their discovery responses within the time hereby allotted.

**IT IS FURTHER ORDERED** that a scheduling conference in this matter be set for **July 26, 2016 at 2:00 p.m. in chambers.** The parties are to submit a joint status report on or before **July 8, 2016.** It shall be the duty of the attorney for plaintiff to provide the defendant(s) with a

---

[20] R. Doc. 205.

[21] R. Doc. 206.

[22] R. Doc. 198.

copy of this order and attachment, and to prepare, sign, and file the status report in accordance with Attachment A.[23]

Signed in Baton Rouge, Louisiana, on June 21, 2016.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

Enc.: Attachment A
Consent Notice

---

[23] In accordance with Local Rule 10, documents for filing shall be double spaced. The parties may, however, single space the body of each section of the status report if desired. No party may submit a separate status report without first obtaining leave of court for good cause shown. Mere disagreements among parties with respect to any of the matters addressed in the report should be set forth in the appropriate section of the joint status report.